Dear Representative McCorkell,
¶ 0 This office has received your request for an Attorney General Opinion addressing, in effect, the following question:
 Is the Governor empowered by Oklahoma law to create by Executive Order an entity with the authority to direct the administration of the school-to-work system in Oklahoma?
 I. CREATION OF THE COUNCIL
¶ 1 On June 16, 1995, the Governor issued Executive Order 95-22 which created the Oklahoma School-to-Work Executive Council (the "Council"). That Executive Order gave the Council the following responsibilities:
 1. Recommend policy for the development and implementation of a school-to-work system in this state.
 2. Provide leadership, coordination, and information dissemination regarding the school-to-work system in this state.
 3. Develop criteria for localities seeking to establish local school-to-work partnerships.
 4. Prepare a report as to the efforts of the Council and the results of those efforts.
¶ 2 Another portion of that Executive Order states that "[t]he Oklahoma School-to-Work System shall be administered by the State Board of Vocational and Technical Education as directed by the Council." Executive Order 95-22 does not recite nor can we find a statutory basis for the Governor's creation of the Council, though it contains a general reference to the Governor's authority under Article VI, § 2 of the Oklahoma Constitution. Section 2 states that "the Supreme Executive power shall be vested in a Chief Magistrate, who shall be styled `The Governor of the State of Oklahoma.'" (Emphasis added.) Your question is whether the Governor was empowered to create the Council.
 II. POWERS OF THE GOVERNOR
A. Governor's General Powers Under Article VI, §§ 1, 2 and 8 ofthe Oklahoma Constitution and Title 74 of the Oklahoma Statutes
¶ 3 A portion of the Governor's powers relevant to your question arise from the provisions of Article VI, §§ 1, 2 and 8
of the Oklahoma Constitution. Section 8 provides that the Governor "shall cause the laws of the State to be faithfully executed." Additional general powers of the Governor are found at74 O.S. 1991 and Supp. 1995, §§ 1-6.
¶ 4 Neither the Oklahoma Constitution nor any statute gives the Governor the general power to issue executive orders. The Oklahoma Supreme Court has considered the Governor's power to issue executive orders and has stated:
 Under the provisions of article 6, and section 1, article 4, of the Constitution, no order, proclamation, or decree of the Governor of the state, as the chief executive thereof, has the force of law; the lawmaking power of the state being vested exclusively elsewhere.
Russell Petroleum Company v. Walker, 19 P.2d 582, 587 (Okla. 1933).
¶ 5 The general rule regarding the exercise of power by public officers as laid down in Shaw v. Grumbine, 278 P. 311 (Okla. 1929) states:
 Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law.
Id. at 312.
¶ 6 There are instances in which the Governor is specifically empowered to act and may do so through executive orders. An example is the power to "implement a freeze in hiring" pursuant to 74 O.S. Supp. 1995, § 840-2.14[74-840-2.14](D). The power of the Governor to issue executive orders pursuant to Section 840-2.14 was discussed in Attorney General Opinion No. 95-36, and that power was construed narrowly, preventing the Governor from issuing executive orders beyond the scope of the language contained within that specific statute. The present question differs in that the Legislature has not directed the Governor to implement school-to-work nor has it authorized the creation of the Council.
¶ 7 "[T]he Governor may not exercise legislative power by means of an executive order." A.G. Opin. 88-32. In this instance, since the Governor did not have general power to create an entity which would direct school-to-work activities in Oklahoma, Executive Order 95-22 could not have been lawfully enacted pursuant to the provisions of Article VI, §§ 1, 2 or 8 of the Oklahoma Constitution or 74 O.S. 1991, §§ 1-6[74-1-6]. An executive council created for that purpose, and the executive order creating the council would be void. "[E]xecutive orders designed to accomplish a legislative result are invalid." Id. (citations omitted).
B. Governor's Limited Power to Create an Agency of LimitedDuration Pursuant to 74 O.S. 1991, §§ 3301-3305[74-3301-3305]
¶ 8 Title 74 O.S. 1991, §§ 3301-3305[74-3301-3305], "Creation of State Agencies," empowers the Governor to create agencies by executive order "during the interim between sessions of the Legislature."74 O.S. 1991, § 3303[74-3303]. The act establishes the requisites for such an executive order at 74 O.S. 1991, § 3304[74-3304].
¶ 9 For an agency created by such an executive order when the Legislature is not in session to continue in existence, the Governor is required to submit to the Legislature, when it convenes, proposed legislation "for creation of the agency by statute." 74 O.S. 1991, § 3305[74-3305]. If the legislation establishing the agency is not enacted, the agency shall not continue to operate beyond sine die adjournment of the Legislature. Id.
¶ 10 Executive Order 95-22 was issued on June 16, 1995, while the Legislature was not in session. By vesting the Council with authority to "direct" adminisration, it created an agency. That could not have been done under the Governor's general powers. The only authority for such an action lies at 74 O.S. 1991, §§3301-3305[74-3301-3305]. An agency created in the legislative interim pursuant to an executive order is an agency of limited duration:
 Continuation of an agency created by Executive Order is conditioned upon the Governor's submitting proposed legislation, upon convening of the Legislature, for creation of the agency by statute, the proposal to contain detailed provisions regarding the purpose of the agency, its manner of operation, the duties, responsibilities and qualification requirements of its officials, salaries of its officials, projected number of employees and projected costs of its operation. If legislation establishing the agency is not enacted, it shall not continue operation beyond sine die adjournment of the Legislature for that session.
74 O.S. 1991, § 3305[74-3305] (emphasis added).
¶ 11 As seen under this provision, the entity's continued existence is dependent on proposed legislation being submitted by the Governor and passed by the Legislature when it next convenes after the creation of the agency. If legislation creating such entity is not passed, the agency shall not continue to operate beyond sine die adjournment of the Legislature.[1]
 CONCLUSION
¶ 12 The authority of the Governor to issue executive orders, while not flowing directly from the Oklahoma Constitution, is recognized in the law. Nevertheless, the lawmaking power of the State is vested in the Legislature. The Legislature has provided limited authority for the Governor to create an agency of limited duration by executive order; the Oklahoma School-to-Work Executive Council was created pursuant to that authority. 74O.S. 1991, §§ 3301-3305[74-3301-3305].
 ¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. None of the general powers vested in the Governor by Article VI, §§ 1, 2 and 8, or by 74 O.S. 1991, §§ 1-6[74-1-6] empower the Governor to create a State agency or entity empowered to act as an agency, such as the Oklahoma School-to-Work Executive Council, through the issuance of an Executive Order or otherwise. Any attempt to create such an entity under these general provisions would be invalid.
 2. The provisions of 74 O.S. 1991, §§ 3301-3305[74-3301-3305] empower the Governor to create a State agency only when the Legislature is not in session. The continuation of an agency created by the Governor under those statutes is contingent upon:
 a. The Governor, upon convening of the Legislature, submitting proposed legislation to create the agency by statute, and
 b. The Legislature enacting statues creating the agency.
 3. An agency created by the Governor when the Legislature is not in session, under 74 O.S. 1991, §§ 3301-3305[74-3301-3305], cannot continue to function beyond the sine die adjournment of the first legislative session after the Governor's creation of the agency, unless, during that session, the Legislature statutorily creates the agency.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] This opinion addresses only the authority of the Governor to create an agency by executive order. It does not address whether the Governor, pursuant to 74 O.S. 1991, §§ 3301-3305[74-3301-3305]
can create an agency to perform duties or exercise powers which come within the province of a statutorily or constitutionally created agency.